IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:20-CV-027-RAH |
| | ) | [WO] |
| JOHN Q. HAMM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Plaintiff Matthew Reeves is a death row inmate in the custody of the Alabama

Department of Corrections (ADOC).  On January 10, 2020, Reeves filed this lawsuit

under 42 U.S.C. § 1983, asserting two causes of action against the Commissioner of

the ADOC and the Warden of Holman Correctional Facility[1] (collectively, the

ADOC), in their official capacities, for deprivation of his rights under the Americans

with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. (ADA) and his

constitutional rights under the Eighth Amendment to the United States Constitution.[2]

(Doc. 1.)  Reeves sought declaratory and injunctive relief.

---

[1]  Holman is the primary correctional facility for housing death row inmates in Alabama and is the only facility in the state that performs executions.

[2] On November 24, 2021, the Court dismissed Reeves's Eighth Amendment claim. (Doc. 41.)

On November 18, 2021, while this lawsuit was pending, the Alabama Supreme Court scheduled Reeves's execution for January 27, 2022. (Doc. 37.)  On January 7, 2022, this Court granted Reeves's motion for preliminary injunction (hereinafter, PI Order) and enjoined the ADOC from executing Reeves "by any method other than nitrogen hypoxia until further order from this Court." (Doc. 83 at 37.)  When this Court entered its PI Order, it did not stay the injunction pending appeal.

On January 10, 2022, prior to filing its appeal, the ADOC filed the instant Motion to Stay Judgment Pending Appeal. (Doc. 84.)  The following day, the ADOC appealed the PI Order to the Eleventh Circuit Court of Appeals. (Doc. 86.)  On January 14, 2022, Reeves filed his response to the ADOC's motion to stay judgment. (Doc. 92.)  This matter is ripe for review.

For the following reasons, the ADOC's motion to stay the injunction pending appeal is due to be denied.

## II.  JURISDICTION AND VENUE

The Court has original subject matter jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 2201, and 42 U.S.C. § 12133.

Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama.  *See* 28 U.S.C. § 1391.

### III.  STANDARD OF REVIEW

The general rule is that "[t]he filing of a notice of appeal . . . divests the district court of control over those aspects of the case involved in the appeal." *Pacific Ins. Co. v. General Development Corp.*, 28 F.3d 1093, 1097, n.7 (11th Cir. 1994) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, Federal Rule of Civil Procedure 62(d) provides an exception to this rule, permitting a district court, in its discretion, "to suspend, modify, restore or grant an injunction" during the pendency of the appeal.  Fed. R. Civ. P. 62(d).  "A district court may, therefore, proceed as provided by such rule without leave of the court of appeals to grant or stay an injunction pending an appeal." 30 Am. Jur. 2d Executions and Enforcement of Judgments § 41 (2021).

In deciding whether to stay an injunction pending appeal, the Court uses a four-part test:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313 (11th Cir. 2000).  "Courts rarely stay a preliminary injunction pending appeal given that the test for a stay is so similar to the test for a preliminary injunction." *Democratic Exec. Comm. Of Fla.*

*v. Detzner*, 347 F. Supp. 3d 1017, 1032 (N. D. Fla. 2018).  The ADOC, as the stay applicant, is held to the same demanding standard required to obtain injunctive relief. The ADOC must "by a clear showing," carry the burden of persuasion on all four requirements.  *Hill*, 547 U.S. at 584; *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam).

## IV.  DISCUSSION

Having reviewed the pending motion, the Court finds that the ADOC has not carried its burden by a clear showing.  Less than two weeks ago, in its PI Order, this Court analyzed the record evidence, applied the required ADA standards, and implemented the well-settled, four-part test utilized in the Eleventh Circuit for evaluating motions for injunctive relief, ultimately finding that Reeves was likely to succeed on the merits of his ADA claim and that the equities weighed in his favor.

The factors the Court considered before granting Reeves injunctive relief are nearly identical to the factors it must now consider in deciding whether to stay the injunction. *Detzner*, 347 F. Supp. 3d at 1032.  Granting the ADOC's motion would require the Court to reanalyze those factors and yet reach an entirely opposite result.

As the Court found in its PI Order, Reeves—not the ADOC—is likely to succeed on the merits of his ADA claim.  If the injunction is not enforced, Reeves would be irreparably injured because the ADOC would be permitted to execute him by lethal injection on January 27, 2022, mooting his claim before it can be fully

decided on the merits.  And, although the Court recognized in its PI Order a State's strong interest in enforcing its criminal judgments, the Court found that the public's interest lies in ensuring that those aggrieved by ADA violations receive judicial review of their claims.  A stay is not warranted here.

## V.  CONCLUSION

For the foregoing reasons, the ADOC's Motion to Stay Judgment Pending Appeal (Doc. 84) is DENIED.

DONE on this the 18th day of January, 2022.

_____/s/ R. Austin Huffaker, Jr._____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE
